IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN GOODMAN and ADAM BLOOM, <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSITY OF DELAWARE, <br><br> Defendant. | C. A. No. 1:12-CV-01698-RGA |

## DEFENDANT UNIVERSITY OF DELAWARE'S ANSWER

Defendant University of Delaware (the "University"), by and through its undersigned counsel, for its answer to the complaint filed by Plaintiffs Benjamin Goodman and Adam Bloom, states as follows:

### JURISDICTION

1. Paragraph 1 of the Complaint states legal conclusions to which no responses are required.

### PARTIES

2. The University is without knowledge or information sufficient to form a belief about the residency of Plaintiffs and therefore denies the same. The University admits that Plaintiffs are enrolled as students at the University.

3. Admitted.

### BACKGROUND

4. This allegation refers to a document which speaks for itself and requires no responsive pleading. Admitted that the University is a "staunch supporter of freedom of speech."

5. This allegation refers to a document which speaks for itself and requires no responsive pleading.

6. Admitted that the quoted statement appears in the University's Faculty Handbook, which speaks for itself.

7. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 and therefore denies the same.

8. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 and therefore denies the same.

9. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 and therefore denies the same.

10. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 and therefore denies the same.

11. The University admits that it sent emails to Mr. Goodman with the content stated.

12. Admitted that Mr. Goodman spoke to Michael Gilbert.

13. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 and therefore denies the same.

## COUNT I

14. The University realleges and incorporates its responses to paragraphs 1 through 13 as if fully set forth.

15. Paragraph 15 of the Complaint states a legal conclusion to which no response is required.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Paragraph 20 merely recites Plaintiffs' legal theories and claims and, as such, requires no responsive pleading. It is otherwise denied.

## COUNT II

21. The University realleges and incorporates its responses to paragraphs 1 through 20 as if fully set forth.

22. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 and therefore denies the same.

23. Denied.

24. Denied.

24 [sic]. The second Paragraph 24 merely recites Plaintiffs' legal theories and claims and, as such, requires no responsive pleading. It is otherwise denied.

## COUNT III

25. The University realleges and incorporates its responses to paragraphs 1 through 24 (and 24 [sic]) as if fully set forth.

26. Denied.

27. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 and therefore denies the same.

28. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 and therefore denies the same.

29. Paragraph 29 merely recites Plaintiffs' legal theories and claims and, as such, requires no responsive pleading. It is otherwise denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The damages claimed by Plaintiffs, if any, were proximately caused by their own acts or omissions, barring any recovery against the University.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any damages by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any damages based on their infringement of the University's trademarks and trade dress.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any damages based on their violation of the University's Licensing and Trademark Program.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' use and proposed use of the University's trademarks and trade dress are purely commercial in nature.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' commercial use of the University's trademarks do not constitute parody of those marks.

WHEREFORE, the University respectfully requests that this Court dismiss the Complaint in its entirety and grant such further relief as this Court deems proper.

                                              **SAUL EWING LLP**

*Of Counsel:*

Sherry H. Flax
SAUL EWING LLP
500 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 332-8784
Facsimile: (410) 332-8785
SFlax@saul.com

/s/ William E. Manning
William E. Manning (#697)
James D. Taylor (#4009)
Nichole C. Alling (#5577)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, Delaware 19899
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
WManning@saul.com
JTaylor@saul.com
NAlling@saul.com

*Counsel for Defendant University of Delaware*

January 23, 2013