IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BENJAMIN GOODMAN and ADAM BLOOM, )
)
Plaintiffs, )
)
v. )   C.A. No.  1:12-cv-1698
)
UNIVERSITY OF DELAWARE, )
)
Defendant. )

## SCHEDULING ORDER

This 22nd day of February, 2013, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within twenty days of the date of this Order.

2.    Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before  April 30, 2013.

3.    Discovery.

    a.    Discovery Cut Off.

        (1)    Fact Discovery.  All fact discovery in this case shall be initiated so that it will be completed on or before August 18, 2013.

1

(2)     Expert Discovery.  All expert discovery in this case shall be initiated so that it will be completed on or before December 18, 2013.

b.     Document Production.  Fact-related document production shall be substantially complete by August 18, 2013.  Expert-related document production, apart from expert reports, shall be initiated so that it will be completed on or before  December 18, 2013.

c.     Requests for Admission.  A maximum of twenty-five (25) requests for admission are permitted for each side.

d.     Interrogatories.   A maximum of fifty (50) interrogatories, including contention interrogatories, are permitted for each side.

e.     Depositions.

i.     Limitation on Hours for Deposition Discovery.  Each side is limited to a total of forty (40)  hours of taking testimony by deposition upon oral examination.

ii.     Location of Depositions.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

2

    f.  Disclosure of Expert Testimony.

     i.  Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before November 19, 2013.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before January 20, 2014. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Any expert depositions shall be taken no later than February 18, 2014 .

     ii.  Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be included in the final pretrial order, to be addressed in the final order in this action.

    g.  Discovery Matters and Disputes Relating to Protective Orders.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a hearing.  Unless otherwise ordered, by no later than forty-eight hours prior to the hearing, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  By no later than twenty-four hours prior to the hearing, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4.      Application to Court for Protective Order.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

Other Proceedings.    By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.      Papers Filed Under Seal.  When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.      Courtesy Copies.  The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (*i.e.,* appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.

4

7.    Case Dispositive Motions.  Case dispositive motions may be filed at any time
December 18, 2013
but no later than ninety (90) days prior to the date set in Paragraph 9 of this Order for the Rule
16(e) final pretrial conference.

8.    Applications by Motion.  Except as otherwise specified herein, any application
to the Court shall be by written motion.  Any non-dispositive motion should contain the
statement required by Local Rule 7.1.1.

9.    Pretrial Conference.  On January 17,       , 2014, the Court will hold a Rule
16(e) final pretrial conference in Court with counsel beginning at    8 : 30 A.m.    The
parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no
later than 5 p.m. on the third business day before the date of the final pretrial conference.
Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth
in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

10.   Motions in Limine.  Motions in limine shall not be separately filed.  All in
limine requests and responses thereto shall be set forth in the proposed pretrial order.  Each
party shall be limited to three in limine requests, unless otherwise permitted by the Court.  The
in limine request and any response shall contain the authorities relied upon; each in limine
request may be supported by a maximum of three pages of argument and may be opposed by a
maximum of three pages of argument, and the party making the in limine request may add a
maximum of one additional page in reply in support of its request.  If more than one party is
supporting or opposing an in limine request, such support or opposition shall be combined in a
single three page submission (and, if the moving party, a single one page reply).  No separate
briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

5

11.     Jury Instructions, Voir Dire, and Special Verdict Forms. As this case in a non-jury case, there will be no jury instructions, voir dire of special verdict forms.

12.     Trial. This matter is scheduled for trial lasting no more than three days, beginning at 9:30 a.m. on _Janvary 27_ ____, 2014, with the subsequent trial days beginning at 9:30 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

13.     ADR Process. The parties may at any time request that this matter be referred to a magistrate judge to explore the possibility of alternative dispute resolution.

Richard G. Andrews
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

/s/ David L. Finger
David L. Finger (#2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th fl.
Wilmington, DE 19801-1186
(302) 573-2525

/w/ William E. Manning
William E. Manning (#697)
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899-1266
(302) 421-6868

6